IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.A. LOCAL 342 JOINT LABOR-MANAGEMENT COMMITTEE, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>ABSOLUTE AIR, INC.,<br><br>    Defendant. | No. C -11-02409 PJH (EDL)<br><br>**SUPPLEMENTAL REPORT AND RECOMMENDATION** |

On August 31, 2011, the Court issued a Report and Recommendation regarding Plaintiffs' Motion for Default Judgment, recommending that Judge Hamilton grant Plaintiffs' motion in the amount of $47,523.55. On October 13, 2011, Judge Hamilton issued an order stating that because Defendant had not been served with, among other things, the Report and Recommendation until October 13, 2011, Defendant had until October 28, 2011 to file any objections to the Report and Recommendation. Defendant filed objections on October 28, 2011,[1] and Plaintiffs filed a response to the objections on November 4, 2011. On November 7, 2011, Judge Hamilton referred this matter to the Court for further action and a supplemental report and recommendation in light of the objections. Because this matter is appropriate for decision without oral argument, the Court vacated the December 20, 2011 hearing. For the reasons stated in this Report and Recommendation, the

---

[1] The Court notes that Defendant is a corporation. According to the Civil Local Rules, a corporation may only appear in this district through counsel. Civil L.R. 3-9(b). The objections in this case were filed by Defendant's president, who does not appear to be a lawyer. The Court declines to strike the objections, but informs Defendant's president that any further filings must be in compliance with the Court's Local Rules.

Court recommends construing Defendant's objections as a motion to set aside entry of default and granting that motion to set aside.

Defendant objected to the August 31, 2011 Report and Recommendation on numerous grounds. Defendant's president first argues that from the time he received a copy of the audit report that is the basis for the amounts owed in this case, Defendant attempted to facilitate settlement of this matter through calling Plaintiffs' business manager and Plaintiffs' Trust Funds office. See Def.'s Objections at 1. Plaintiffs dispute this statement, noting that Defendant did not object to any audit findings, and never provided Plaintiff with a written dispute of the audit results as requested (Biagi Decl. ¶¶ 12-13) and did not provide any supporting documentation for Defendant's argument that he did not need to report the employee at issue.

Defendant's president also argues that he believed he would receive documents from Plaintiffs and that this matter would be settled, but that Plaintiffs filed and pursued this action instead. See Def.'s Objections at 2. Plaintiffs argue that this statement is inaccurate because even though Defendant requested copies of employer reports for the relevant period (Biagi Decl. ¶ 8), those records were completed by Defendant, which should have a copy. Moreover, Plaintiffs argue that Defendant never asked for the documents again after April 11, 2011 (Biagi Decl. ¶ 9), and Plaintiffs gave Defendants an extension to respond to the audit filings, but Defendant did not respond (Biagi Decl. ¶ 7).

Finally, Defendant's president argues that he first realized that Plaintiffs misled him as to their intention to settle this matter when he received the October 13, 2011 Order from Judge Hamilton giving him until October 28, 2011 to file objections. See Def.'s Objections at 2. The record reflects that Defendant was served with many documents prior to October 13, 2011 that would indicate that Plaintiffs were proceeding with a lawsuit against Defendant. Plaintiffs served Defendant with the summons and complaint in this case on May 18, 2011 (see docket no. 5), the motion for entry of default on June 22, 2011 (see docket no. 7), the notice of appearance of Plaintiffs' counsel on July 8, 2011 (see docket no. 12), and the motion for default judgment on July 15, 2011 (see docket no. 13). However, it does not appear that Defendant was served with the clerk's notice of entry of default, or, until October 13, 2011, the Court's August 31, 2011 Report and

1  Recommendation.  Thus, it is a close question as to whether Defendant knew that Plaintiffs were
2  proceeding with this matter.

3  Although Plaintiffs take issue with the accuracy of the statements that Defendant makes in
4  the objections, it appears that Defendant is willing to participate in this case now.  The Court
5  recommends construing Defendant's objections as a motion to set aside entry of default.

6  Federal Rule of Civil Procedure 55(c) authorizes a court to set aside entry of default for
7  "good cause." "The court's discretion is especially broad where, as here, it is entry of default that is
8  being set aside, rather than a default judgment." O'Connor v. State of Nev., 27 F.3d 357, 364 (9th
9  Cir.1994). A court determines the existence of good cause for removing a default by considering the
10 following factors: (1) whether the party seeking to set aside the entry of default engaged in culpable
11 conduct that led to the default; (2) whether there is any meritorious defense to plaintiff's claims; or
12 (3) whether setting aside the entry of default will prejudice the plaintiff.  United States. v. Signed
13 Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir.2010); see also Franchise
14 Holding LLC v. Huntington Rests. Group, Inc., 375 F.3d 922, 925-26 (9th Cir. 2004).  These factors
15 are disjunctive: "a finding that any one of these factors is true is sufficient reason for the district
16 court to refuse to set aside the entry of default." Signed Personal Check, 615 F.3d at 1091.
17 "Crucially, however, 'judgment by default is a drastic step appropriate only in extreme
18 circumstances; a case should, whenever possible, be decided on the merits.'"  Id. (quoting Falk v.
19 Allen, 739 F.2d 461, 463 (9th Cir.1984)).

20 As to the first factor, a defendant's conduct is culpable if it has actual or constructive notice
21 of the service of the action and intentionally failed to answer. Signed Personal Check, 615 F.3d at
22 1092. "[I]n this context the term 'intentionally' means that a movant cannot be treated as culpable
23 simply for having made a conscious choice not to answer; rather, to treat a failure to answer as
24 culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the
25 opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'"
26 Id. (quoting TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir.2001). The Ninth
27 Circuit has "typically held that a defendant's conduct was culpable for purposes of the [good cause]
28 factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or

3

1 bad faith failure to respond." Id. Here, there is no showing that Defendant intentionally failed to
2 answer as that term is construed in this context. Defendant contends that he believed that settlement
3 could be reached and so he did not respond to the complaint. Although Plaintiffs argue that this
4 belief was misguided, there is no showing that Defendant acted in bad faith.

As for the second factor, a defendant seeking to set aside a default "must present specific facts that would constitute a defense." TCI Group, 244 F.3d at 700. "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense: 'the question whether the factual allegation [i]s true' is not to be determined by the court when it decides the motion to set aside the default." Signed Personal Check, 615 F.3d 1094 (quoting TCI Group, 244 F.3d at 700). "Rather, that question 'would be the subject of the later litigation.'" Id. Defendant's president does not say specifically that he has meritorious defenses to Plaintiffs' claims and he does not provide any evidence to back up his claim that he does not owe at least part of the amount due, but he does argue that he believes that the audit report on which this case is based contained errors. Thus, Defendant has alleged sufficient facts to show that Defendant may have a partial defense to at least some of the amounts owed.

As for the third factor, "to be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." TCI Group, 244 F.3d at 701. Here, it appears that at most, the prejudice in this case would consist of delay, which is not sufficient to constitute prejudice for purposes of setting aside the entry of default.

On balance, the factors in the "good cause" analysis for setting aside a default under Rule 55(c) favor Defendant: (1) Defendant's conduct leading to the default was not culpable; (2) Defendant alleged at least some facts that may be sufficient to show a partial defense; and (3) setting aside the default would not prejudice Plaintiffs. Further, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Falk, 739 F.2d at 463. Therefore, the Court recommends granting Defendant's motion to set aside entry of default.

Any party may serve and file specific written objections to this recommendation within ten (10) working days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);

4

Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Dated: December 16, 2011

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge