1  RICHARD K. GROSBOLL, State Bar No. 99729
2  BENJAMIN K. LUNCH, State Bar No. 246015
   SONYA M. GORDON, State Bar No. 232600
3  NEYHART, ANDERSON, FLYNN & GROSBOLL
   369 Pine Street, Suite 800
4  San Francisco, CA 94104-3233
   Tel. (415) 677-9440
5  Fax (415) 677-9445
   Email: rgrosboll@neyhartlaw.com
6          blunch@neyhartlaw.com
           sgordon@neyhartlaw.com
7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10                            **OAKLAND DIVISION**

11  U.A. LOCAL 342 JOINT LABOR-              )  Case No.  cv 11-02409 PJH
    MANAGEMENT COMMITTEE; NORTHERN           )
12  CALIFORNIA PIPE TRADES PENSION           )
    TRUST; NORTHERN CALIFORNIA PIPE          )
13  TRADES HEALTH AND WELFARE TRUST;         )  **STIPULATION FOR CONTINGENT**
14  LOCAL UNION 342, PLUMBERS &              )  **ORDER OF DISMISSAL & [Proposed]**
    STEAMFITTERS, UNITED ASSOCIATION         )  **CONTINGENT ORDER OF DISMISSAL**
15  OF JOURNEYMEN AND APPRENTICES OF         )
    THE PLUMBING AND PIPEFITTING             )
16  INDUSTRY OF THE UNITED STATES AND        )  Location:    1301 Clay Street,
    CANADA (AFL-CIO); U.A. LOCAL 342         )              Oakland, CA  94612
17  APPRENTICESHIP & TRAINING TRUST          )  Courtroom:   Courtroom 3 - 3rd Floor
    FUND and JAMES WILLIAMS, as Trustee of   )  Judge:       Hon. Phyllis J. Hamilton
18  the above TRUSTS,                        )
19                                           )
                    Plaintiffs,              )
20                                           )
         vs.                                 )
21                                           )
    ABSOLUTE AIR, INC.,                      )
22                                           )
                    Defendant.               )
23                                           )
24  ─────────────────────────────────────── )

25

26

27

28

The Plaintiffs hereto stipulate as follows:

1.     The parties have reached agreement to settle this case under the terms and conditions specified in the Settlement Agreement filed and/or lodged concurrently herewith.

2.     The settlement requires payment of consideration in payments over time.

3.     If the settlement payments are not timely made or if the Settlement Agreement is otherwise breached, Plaintiffs can file a Stipulation for Entry of Judgment attached to the Settlement Agreement as Exhibit "A".  The Court shall then Order the Entry of Judgment. Plaintiffs have agreed not to file the Stipulation for Entry of Judgment if the Settlement Agreement is complied with in full.

4.     The parties agree that Plaintiffs may reopen the matter at any time if Plaintiffs certify to the Court that the consideration has not been paid or other terms and conditions of the Settlement Agreement have not been complied with.  At that time, Plaintiffs may insert the appropriate amount owed and file the Stipulation for Entry of Judgment.

IT IS SO STIPULATED.

Respectfully Submitted,

Dated: June 12, 2012          NEYHART, ANDERSON, FLYNN & GROSBOLL


By: _____/s/ Sonya M. Gordon_____
                 SONYA M. GORDON
                 Attorney for Plaintiffs


6/13/12



Case No. 11-CV-2409-PJH
STIPULATION FOR CONTINGENT ORDER OF DISMISSAL

# Exhibit A

SETTLEMENT AGREEMENT

This settlement agreement ("Agreement") is entered into by U.A. 342 Joint Labor-Management Cooperation Committee, Inc., dba NORTHERN CALIFORNIA PIPE TRADES TRUST FUNDS (hereinafter "NCPTTF"), and all other Plaintiffs (hereinafter "Plaintiffs") and by ABSOLUTE AIR, INC. (hereinafter "Absolute Air"), the Defendant, in Civil Action No.4:11-CV-2409-PJH, which is presently pending in the United States District Court for the Northern District of California (this "Action").

The parties wish to finally and fully settle all matters between them and hereby agree as follows:

1.      Parties.  Plaintiffs and Absolute Air (hereinafter collectively referred to as the "patties") have reached a settlement of a dispute involving unpaid delinquent employer contributions for the audit period of May 1,2006 to December 31, 2009 hours, as required by the collective bargaining agreement between U.A. Local 342 and the Northern California Mechanical Contractors Association, Inc. and Industrial Contractors UMIC, Inc.  This Settlement Agreement addresses a dispute arising under the Employee Retirement Income Security Act, 29 U.S.C. section 1132(a), (e) and (g) and section 1145.

2.      Amounts Due.  The Plaintiffs allege that Absolute Air owes $31,449.35 in principal, $6,289.89 in liquidated damages, $5,744.04 in interest, and $14,811.50 in attorneys' fees associated with its delinquency for the audit period of May 1, 2006 to December 31, 2009 hours, totaling $58,294.78.  Plaintiffs agree to accept $23,504 in full payment of these claims from Absolute Air so long as Absolute Air makes timely payments of $1,500 per month.  Absolute Air agrees to the following payment schedule with the NCPTTF:

   a.  Monthly Payments.  Absolute Air agrees to make monthly payments of not less than $1,500 per month for a period of fifteen (15) months and a final payment of $004, with the first payment to be received by the NCPTTF Bank Depository no later than April 30, 2012. Subsequent payments must be received by the NCPTTF Bank Depository no later than the $31^{51}$ of each subsequent month, include Employer #20047 in the memo portion of the check, and sent to the following address:

      Northern California Pipe Trades Trust Funds
      P.O. Box 55606
      Hayward, CA 94545-0606

   b.  Compliance with This Agreement.  Absolute Air agrees that all of the aforementioned sums in ¶2 are owed to Plaintiffs.  If Absolute Air violates any provision of this Settlement Agreement or does not make a payment in accordance with the terms and conditions        of this Settlement Agreement, Absolute Air agrees that no waiver of any monies due will be granted and that any principal, interest, attorney's fees and costs owed will become due.

   c.  Timely Payments of Regular Monthly Contributions.  Effective for April 2012 hours and subsequent work months, Absolute Air agrees to submit timely employer transmittal reports and payments to Plaintiffs of the current amounts owed for covered employment during the prior month in accordance with the applicable

collective bargaining agreement.  Such payments shall be received by the 22nd of the month, as specified by the NCPTTF collection procedures.

    d.  Absolute Air understands that it is in breach of this Agreement if Absolute Air is late even for one month on its regular monthly contributions to the Trust Funds or is late even once on the above-required payments. If that occurs, the Trust Funds will be entitled to attorneys' fees in the amount of $14,811.50, liquidated damages in the amount of $6,289.89, and interest in the amount of $5,744.04. Furthermore, if such a violation occurs, the Trust Funds will be entitled to file a Stipulation for Entry of Judgment with the Court to enforce the full amount owed to the Trust Funds by Absolute Air in the amount of $58,294.78.

    e.  <u>Employer Subscription Health Benefits.</u> Upon timely settlement payments totaling $15,000, the Plaintiffs will restore the employer's subscription health benefits within five court days. Absolute Air understands that Subscription Agreement participation is not guaranteed and Subscription Agreement participation requires compliance with the Trust Agreement and cooperation with the Plaintiffs. Any breach of this Agreement or failures to communicate with the Trust Fund Office over future trust fund and audit obligations will result in subsequent termination of the Subscription Agreement for participation in the Health and Welfare Plan.

3.    <u>No Admissions.</u>  This Agreement pertains to disputed claims and expressly does not constitute an admission of liability on the part of any party hereto.

4.    <u>Limited Release by Plaintiffs.</u>  In consideration for the benefits Plaintiffs are receiving for entering into this Agreement, Plaintiffs hereby release and discharge Absolute Air from any and all claims raised by the Complaint in this Action.

5.    <u>Other Periods.</u>  This Agreement is intended to cover only the delinquencies associated with the audit period of May 1, 2006 to December 31, 2009.  It does not cover prior periods or future delinquencies.

6.    <u>Enforce Agreement.</u>  The parties agree that in the event any party institutes proceedings to enforce any of the provisions of this Agreement, the prevailing party shall be entitled to receive all costs and expenses, including reasonable attorney's fees, of such proceedings as determined by the Court having jurisdiction of such proceeding.

7.    <u>Binding on Successors and Others.</u>  This Agreement shall be binding upon the parties hereto and upon their heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of said parties, and each of them, and to their heirs, administrators, representatives, executors, successors and assigns.

8.    <u>Governing Law.</u>  The terms and conditions of this Agreement shall be interpreted and construed in accordance with the laws of the State of California and to the extent applicable by the Employee Retirement Income Security Act ("ERISA").  If any tenor or condition of this Agreement is determined to be invalid, the remainder of the provisions shall remain in full force and effect.

9.     Agreement Jointly Drafted. This Agreement and each of its provisions have been jointly drafted by the parties; neither party shall be deemed to have been the drafting party.

10.     Agreement Freely Entered Into. The parties represent and agree that this Agreement, and the releases contained in this Agreement, have been given voluntarily and free from duress or undue influence on the part of any person released by this Agreement, or by any third party.

11.     Counterparts. This Agreement may be executed in counterparts. A facsimile or .pdf copy shall be treated with the same force as an original.

12.     Stipulated Judgment. Within five court days after Absolute Air's first payment under this Agreement is received, Plaintiffs agree to file a Contingent Voluntary Dismissal in Civil Action No. 11-CV-2409-PJH and a Stipulated Judgment, to be signed contemporaneously with this Settlement Agreement.

13.     Entire Agreement. This Agreement contains the entire agreement of the parties. No other agreement, statement, or promise made on or before the effective date of this Agreement will be binding on the parties. This Agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by all parties.

14.     Counsel for Plaintiffs will notify the court in writing of the parties' settlement no later than April 16, 2012.


WE AGREE TO THE ABOVE.



Dated: April 13, 2012          By:     _____

                                       Scott Strawbridge, Trustee of
                                                          Plaintiffs



Dated: April 13, 2012          By:     _____

                                       Orlando Anthony Mercure, On Behalf Of
                                                          Absolute Air, Inc.

9.    Agreement Jointly Drafted.   This Agreement and each of its provisions have been jointly drafted by the parties; neither party shall be deemed to have been the drafting party.

10.    Agreement Freely Entered Into.   The parties represent and agree that this Agreement, and the releases contained in this Agreement, have been given voluntarily and free from duress or undue influence on the part of any person released by this Agreement, or by any third party.

11.    Counterparts.   This Agreement may be executed in counterparts.   A facsimile or .pdf copy shall be treated with the same force as an original.

12.    Stipulated Judgment.   Within five court days after Absolute Air's first payment under this Agreement is received, Plaintiffs agree to file a Contingent Voluntary Dismissal in Civil Action No. II-CV-2409-PJH and a Stipulated Judgment, to be signed contemporaneously with this Settlement Agreement.

13.    Entire Agreement.   This Agreement contains the entire agreement of the parties.   No other agreement, statement, or promise made on or before the effective date of this Agreement will be binding on the parties.   This Agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by all parties.

14.    Counsel for Plaintiffs will notify the court in writing of the parties' settlement no later than April 16, 2012.


WE AGREE TO THE ABOVE.



Dated: April 13, 2012              By: _____ _

                                           Scott Strawbridge, Trustee of
                                                         Plaintiffs



Dated: April 13, 2012              By: _____

                                           Orlando Anthony Mercure, On Behalf Of
                                                         Absolute Air, Inc.

1   RICHARD K. GROSBOLL, Bar No. 99729
    BENJAMIN K LUNCH, Bar No. 246015
2   SONYA M. GORDON, Bar No. 232600
    NEYHART, ANDERSON, FLYNN & GROSBOLL
3   369 Pine Street, Suite 800
    San Francisco, CA  94104-3233
4   TEL:  (415) 677-9440
    FAX: (415) 677-9445
5   Email:  sgordon@neyhartlaw.com
            rgrosboll@neyhartlaw.com
6
    Attorneys for Plaintiffs
7

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                       (Oakland Division)

11
    U.A. LOCAL 342 JOINT LABOR-          )   Case No.  cv 11-02409 PJH
12  MANAGEMENT COMMITTEE; NORTHERN )
    CALIFORNIA PIPE TRADES PENSION       )
13  TRUST; NORTHERN CALIFORNIA PIPE      )
    TRADES HEALTH AND WELFARE TRUST;     )   STIPULATION FOR ENTRY OF
14  LOCAL UNION 342, PLUMBERS &          )   JUDGMENT
    STEAMFITTERS, UNITED ASSOCIATION     )
15  OF JOURNEYMEN AND APPRENTICES OF )
    THE PLUMBING AND PIPEFITTING         )   Location:    1301 Clay Street,
16  INDUSTRY OF THE UNITED STATES AND )                  Oakland, CA  94612
    CANADA (AFL-CIO); U.A. LOCAL 342     )   Courtroom:   Courtroom 3 - 3rd Floor
17  APPRENTICESHIP & TRAINING TRUST      )   Judge:       Hon. Phyllis J. Hamilton
    FUND and JAMES WILLIAMS, as Trustee of )
18  the above TRUSTS,                    )
                                         )
19                                       )
           Plaintiffs,                   )
20                                       )
                                         )
21         vs.                           )
                                         )
22  ABSOLUTE AIR, INC.,                  )
                                         )
23         Defendant.                    )
                                         )
24                                       )
                                         )
25  _____ )

26

27

28

                                 1

1.   IT IS HEREBY STIPULATED by and between Plaintiffs U.A. LOCAL 342 JOINT

LABOR-MANAGEMENT COMMITTEE; NORTHERN CALIFORNIA PIPE TRADES

PENSION TRUST; NORTHERN CALIFORNIA PIPE TRADES HEALTH AND WELFARE

TRUST; LOCAL UNION 342, PLUMBERS & STEAMFITTERS, UNITED ASSOCIATION OF

JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY

OF THE UNITED STATES AND CANADA (AFL-CIO); U.A. LOCAL 342 APPRENTICESHIP

& TRAINING TRUST FUND and JAMES WILLIAMS, as Trustee of the above (hereinafter

collectively referred to as the "Plaintiffs", "Trusts" or "Funds") and the Defendant ABSOLUTE

AIR, INC., (hereinafter referred to as "Absolute Air" or "Defendant"), a California Corporation

that judgment in the above-entitled cause be entered in favor of Plaintiffs against Defendant in the

amount of $58,294.78, less sums paid pursuant to the Stipulation for Contingent Order of

Dismissal entered herein.

2.   Plaintiffs have determined that Defendant owes $31,449.35 in principal, $6,289.89 in

liquidated damages, $5,744.04 in interest, and $14,811.50 in attorneys' fees associated with its

delinquency for the audit period of May 1, 2006 to December 31, 2009 hours, totaling $58,294.78.

Plaintiffs agree to accept $23,504 in full payment of these claims from Absolute Air, so long as

Absolute Air makes timely payments of $1,500 per month for 15 months and a final payment of

$1,004,with the first payment to be received by Plaintiffs no later than April 30, 2012 and

subsequent payments to be received by Plaintiffs no later than the 31st of each month.

3.   Upon timely settlement payments totaling $15,000, Plaintiffs will restore subscription

health benefits for owner Anthony Mercure within five court days.

4.   If Defendant defaults on the terms of any settlement agreement and/or this stipulation,

Plaintiffs have the right to seek the full amount referenced in Paragraph 2 above of this agreement,

minus any payments already made, as well as any additional attorneys' fees, liquidated damages

2

and interest incurred, and can enter this Stipulated Judgment with the Court.

IT IS SO STIPULATED.

NEYHART, ANDERSON, FLYNN & GROSBOLL

Dated: June 12, 2012                    By: _____/s/ Sonya M. Gordon_____
                                             Sonya M. Gordon, On Behalf Of
                                                                    Plaintiffs

SCHRINER LAW FIRM

Dated: June 12, 2012                    By: _____/s/ Kyle Schriner_____
                                             Kyle Schriner, On Behalf Of
                                                             Absolute Air, Inc.

3

[PROPOSED] ORDER:

The parties hereto, having advised the Court that they have agreed to a settlement of this action.

IT IS HEREBY ORDERED that this action is dismissed with prejudice, provided, however, that if any party hereto shall certify to this Court, with proof of service of copy thereon on the Defendant or its counsel, that the agreed consideration for the settlement has not been delivered over, the foregoing Order shall vacated by this Court and this action shall forthwith be restored to the calendar.  Plaintiffs may then file the Stipulation for Entry of Judgment referred to in the above stipulation.  Judgment will then be entered forthwith.

IT IS SO ORDERED.


Dated:  _____          _____
                                                                          U.S. District Court Judge